UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

KIM A. GORHAM,

        Plaintiff,

  -against-                                 COMPLAINT

VANTAGE SOURCING, LLC,

        Defendant,                Index No. 1:11-CV-0357 (DNH/DRH)

  -and against-

AFNI, INC.,

        Defendant.

UNITED COLLECTION BUREAU, INC,

        Defendant.

VERIZON NEW YORK, INC.

        Defendant.

_____

## PRELIMINARY STATEMENT

1. This law suit arises out of 15 USC 1692, the Fair Debt Collection Practices Act, ("FDCPA for deceptive acts in connection with the collection of an alleged debt. The FDCPA does not apply to Verizon, and therefore only the tort of Negligence applies to it.

## PARTIES

2. Plaintiff is a natural person residing in the Town of Glenville, State of New York.

3. Vantage Sourcing LLC with a foreign company with an address of VANTAGE

SOURCING LLC, 328 ROSS CLARK CIRCLE DOTHAN, ALABAMA, 36303. Defendant is a third party debt collector as that term is defined by 15 USC 1692.

4. AFNI, INC, is a foreign corporation with a place of business at 404 BROCK DRIVE BLOOMINGTON, ILLINOIS, 61701 Defendant is a third party debt collector as that term is defined by 15 USC 1692.

5. United Collection Bureau, Inc is a foreign corporation with a place of business at UNITED COLLECTION BUREAU, INC. 5620 SOUTHWYCK BLVD., STE. 206 TOLEDO, OHIO, 43614. Defendant is a third party debt collector as that term is defined by 15 USC 1692.

6. VERIZON NEW YORK INC. is a corporation with a place of business at 140 WEST ST 29TH FL NEW YORK, NEW YORK, 10007. Defendant is not a third party debt collector.

**Statement of Facts**

7. This action arises out of a horrendous experience of customer service with Verizon, and the incessant failure of Defendants to verify debt.

8. Plaintiff had the following numbers with verizon:  518-384-1313, as a landline. DSL, for internet. And 518-727-1998, as a cell line.

9. Things went smoothly until Verizon told plaintiff she could "save money" if she bundled all her bills together.

10. At some point in 2010, Plaintiff (or throughout her representative, as she is blind) went to the Verizon store in Clifton Park, New York to pay her Verizon bill. The clerk in the Clifton Park store told her that he was unable to accept payment, and only the store in Niskayuna could accept payment because the services were "bundled."

11. Plaintiff then went to the Verizon store in Niskayuna, New York to make her payment. The clerk told her that the Niskayuna store was also unable to accept payment, and that the Clifton Park store made a mistake by sending her there. The Niskayuna store advised Plaintiff to call an 800 number to make a payment over the phone.

12. Plaintiff called the 800 number, and was on hold for a lengthy period of time. When she was connected to a representative, the representative asked Plaintiff for the account number.

13. Plaintiff told the representative she did not know the account number, and explained she had been a customer for several years. She gave the representative her name, address, date of birth and social security number. But the representative at Verizon told Plaintiff she needed the account number, and she had to call another 800 number, get the account number, and then call Verizon back.

14. In fact, Plaintiff called the 800 number and was again on hold. When she finally got through to a representative, and explained she needed an account number, the representative told her "We don't cover New York account numbers. Only account numbers for other States." And directed Plaintiff to call yet another 800 number.

## The Sage with the Land Line and DSL

15. Plaintiff also filed repeated complaints with Verizon that her land line, 518-384-1313 was dropping calls and not working properly when it was windy.

16. Verizon said "we are testing your line" and tested the line at various times. Eventually, the line was tested and found to be faulty. Verizon indicated they would send a repair crew out to investigate the problem, and identified the date and times the repair crew would arrive.

17. Plaintiff was home at the designated time and waited for hours. No one came.

18. Plaintiff called back and inquired why the repair crew didn't arrive. She was told the line tested "ok" and they cancelled the appointment without telling her.

19. Thereafter, Plaintiff's account was placed with collections agencies, demanding payments of different amounts.

20. Vantage sent a collection letter demanding $374.74 for "**Verizon Wireless**". (Exh A)

21. United Collection Bureau sent a demand for $442.19 for an entity known as **"Verizon Wireless Northeast Area"**. (Exh B) (an entity not found on the NYS Dept of State corporation search records)

22. Afni sent a bill for $1,041.13, for an entity known as **"Verizon South, Inc"** (an entity not found on the NYS Dept of State corporation search records) (Exh C)

23. Afni sent another bill for $177.80, on behalf of **Verizon New York, Inc.** (Exh D)

24. Afni then sent another bill, for the same amount, on behalf of another entity known simply as **Verizon, Inc.** (Exh E)

25. Altogether, Plaintiff received five different bills from different entities and different debt collectors.

26. The bills had been disputed and verification was demanded. Yet collection efforts continued despite the demand for verification. (Exh F)

### Background of the FDCPA

27. When enacting the FDCPA, Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Accordingly, the purpose of the FDCPA is "to eliminate abusive debt

collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e)

28. When enacting the FDCPA, Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Accordingly, the purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e)

## Count I

### 15 USC 1692g

### (not Verizon)

29. Plaintiff disputed the debt and requested verification at least twice, not counting letters to Verizon.

30. Defendants continued to collect on the debt prior to verifying the debt, in violation of 15 USC 1692.

WHEREFORE, as to Count I, Plaintiff prays for

    a. Punitive damages;

    b. Statutory damages per 15 USC 1692k.

    c. Actual damages;

    d. Costs and Attorney fees.

    e. a right to a trial by jury;

    f. such other and further relief as to this court seems just and proper.

## Count II

### 15 USC 1692e, f

### not Verizon

31. Plaintiff repeats and realleges the allegations in Paragraphs 1-30 above as if fully set forth herein.

32. Multiple letters stating different amounts mischaracterized the legal status, character and amount of the debt, in violation of 15 USC 1692e, f.

WHEREFORE, as to Count II, Plaintiff prays for

    a. Punitive damages;

    b. Statutory damages per 15 USC 1692k.

    c. Actual damages;

    d. Costs and Attorney fees.

    e. a right to a trial by jury;

  f. such other and further relief as to this court seems just and proper.

## Count III

### 15 USC 1692e

### Illegal Credit Reporting

### not Verizon

33. Plaintiff repeats and realleges the allegations in Paragraphs 1-32 above as if fully set forth herein.

34. Defendants used a false and deceptive means to collect a debt as herein described, in violation of 15 USC 1692e, including but not limited the use of multiple billings, different names and different amounts.

WHEREFORE, as to Count III, Plaintiff prays for

    a. Punitive damages;

    b. Statutory damages per 15 USC 1692k.

    c. Actual damages;

    d. Costs and Attorney fees.

    e. a right to a trial by jury;

   f. such other and further relief as to this court seems just and proper.

## Count IV

### Negligence

### all Defendants

35. Plaintiff repeats and realleges the allegations in Paragraphs 1 - 34 above as if fully set forth herein.

36. Defendants, and each of them, or liable for the acts of the other.

37. Defendants, and each of them, owed a duty to the Plaintiffs.

38. Defendants, and each of them, breached the duty owed to the Plaintiffs.

39. Defendants, and each of them, through their actions, directly or proximately damaged Plaintiff, causing her severe emotional distress and other damages.

40 Defendants, and each of them, were negligent for the actions herein described.

41. Defendants, and each of them, are vicariously and jointly liable for the acts of the other.

WHEREFORE, as to Count IV, plaintiff prays for

    a. Punitive damages;

    b. Actual damages;

    c.   Compensatory damages;

    d.   Costs and Attorney fees.

e. a right to a trial by jury;

f. such other and further relief as to this court seems just and proper.

 

Respectfully submitted,
s/RICHARD L. DIMAGGIO
*Attorney at Law*
6 Berkley Rd
Glenville, NY  12302
(518) 723-6772
didyouweekend@gmail.com
Bar #505468